## Blain Campbell and Others, et al. v. Clinton County, et al.

(Decided June 15, 1917.)

### Appeal from Clinton Circuit Court.

1. Counties—Highways—Application of Money Derived From Sale of Bonds.—Money realized from a sale of road bonds voted for the construction of highways under our present law, can not be applied to the building of dirt roads or graded roads, unless they be finished with asphaltum, concrete, brick, stone block, macadam, gravel or other processes of equal merit.

2. Counties—Fiscal Courts—Highways.—Where a bond issue is voted by the people with the express understanding indicated by orders and judgments of the fiscal court that a certain given road will be first constructed from the funds realized from a sale of the bonds, the fiscal court has no authority after the election to divert the funds to other roads.

3. Pleading—Demurrer.—The allegations of the petition in this case examined and held insufficient to constitute a cause of action, and the demurrer was properly sustained.

4. Pleading—Exhibits.—Where the exhibits filed with the petition contradict the allegations thereof, the exhibits prevail.

S. G. SMITH and E. BERTRAM for appellants.

L. G. CAMPBELL for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The appellants, Blain Campbell and two other citizens and taxpayers of Clinton county, on behalf of themselves and many others, instituted this action in the Clinton circuit court, seeking a reformation of a contract for public road construction and also to enjoin and restrain the fiscal court of that county from appropriating money derived from a sale of a road bond issue to the construction of graded roads in that county; and, further seeking to enjoin and restrain that court from applying money thus raised to the construction of any road other than one from Maupin, Kentucky, on the Kentucky-Tennessee line, to Albany, thence along a certain line towards Jamestown, the county seat of Russell county, to the Russell-Clinton line, alleging that the bond issue was voted by the people of Clinton county for the express purpose of constructing this particular road, and that the voters would not have supported the issue but for this reason; and further, alleging that under our present law creating our system of public highways in Kentucky, money from a bond issue, such as this, cannot be appropriated to the building of anything except hard roads as provided in section 4307, Kentucky Statutes, which is as follows:

"*Provided, however,* That all the money raised by the sale of bonds shall be used solely and alone for the building, construction, or reconstruction of roads of asphaltum, concrete, brick, stone block, macadam, gravel or other processes of equal merit."

Appellants also seek to enjoin the fiscal court from carrying out a contract with Harris and Myers for the construction of certain roads in that county, and pray certain other relief. A demurrer was interposed to the petition but, before it was acted upon by the trial court, an amended petition was filed reiterating in large part the allegations of the petition, especially with reference to the conduct of the campaign leading up to the bond issue, had immediately before the election upon the question of the bond issue, and averring that the voters of Clinton county would not have supported the bond issue but for the belief, understanding and declaration that the first road to be constructed from the funds derived from the sale of the bonds, would be from Maupin, Kentucky, on the Kentucky-Tennessee line, to Albany, thence on the most direct and practicable route to the county line in the direction of Jamestown, and that the fiscal court

has, since the voting of the bonds, entered an order diverting the funds to other roads. This, it is charged, cannot be done.

Upon final hearing the circuit court sustained the demurrer to the petition, and the appellants declining to plead further, the petition was dismissed, and this appeal results.

The election upon the bond issue was had August 1, 1915, and carried by the requisite majority. The sum authorized was fifty thousand dollars.

While it is alleged in the petition that a Citizens' Campaign Committee of the county urged the bond issue upon the grounds that a pike, or other hard road, would be first constructed along the line set out above from the money derived from the sale of the bonds if the issue carried, it does not sufficiently appear from the petition that the fiscal court made any order indicating such a purpose. The order of the fiscal court, calling the election for the bond issue, is not made a part of the petition, nor is there any reference indicating its contents, except that it is alleged that an election was called and the question submitted of issuing fifty thousand dollars for the purpose of building and constructing the public roads, pikes and bridges of Clinton county. Under the authority of the case of Scott v. Forest, 174 Ky. 672, money derived from a sale of road bonds voted by the people upon the understanding and belief induced by orders and judgments of the fiscal court, entered before the election designating and fixing a certain given road upon which the improvements were to be made with the money, cannot afterwards be diverted by the fiscal court to the improvement of other highways, and had the petition in this case alleged facts coming within the authority of the case of Scott v. Forest, no doubt, the demurrer would have been overruled. Orders of the fiscal court entered after the election may be modified, amended, or changed at any time by that court, where no contractual obligation is violated.

The orders of the fiscal court copied into the petition do not sustain the allegations thereof, but rather refute the same. While the orders show that certain hard roads are to be constructed from the funds, and that one particular section of road is to be graded, it does not appear from the orders that the graded road is not also to be finished with metal, for in order to build a road the grade must first be made. To arrive at a contrary conclusion, one must presume that the fiscal court did not intend to

carry out its orders and judgments, and that the same were entered in bad faith. If a presumption is to be indulged at all, it must be in favor of the orders and judgments of the court.

The demurrer was, therefore, properly sustained to the petition as amended, and the judgment is affirmed.