## Wilson, et al. v. Fiscal Court of Caldwell County, et al.

(Decided May 12, 1922.)

### Appeal from Caldwell Circuit Court.

1. Counties—Construction and Improvement of Roads and Bridges—Inter-County Seat Roads.—Nineteen days before the election at which $300,000.00 of bonds were voted by the people of Caldwell county for the construction and improvements of roads and bridges an order was entered by the county road commissioners and approved by the fiscal court reading: "Whereas, we the commissioners appointed by the Caldwell county fiscal court, do hereby designate the following inter-county seat roads connecting the counties of Crittenden, Lyon, Trigg, Christian, Hopkins and Webster counties with Princeton, the county seat of Caldwell county. The road leading via Farmersville, Rufus and Cresswell to Webster county, is hereby designated as the Caldwell-Webster inter-county seat road." Held, that the order did not designate any particular route for any of the roads mentioned therein except the Caldwell-Webster inter-county seat road and the county authorities in constructing either of them except the last one or not prevented from surveying a new route, if, in their discretion, it would be more feasible, and that no voter of the county can enjoin the selection of such new route upon the ground that the order was an agreement or a contract to expend the proceeds upon a particularly designated road.

2. Counties—Construction of Roads.—In such cases the right and power of the proper county authorities to select the roads of the county to be constructed and improved will not be interfered with by the courts unless it clearly appears from the order entered prior to the election that it was intended by it to designate a

particular road or roads to be constructed or improved, and no such agreement or contract will be implied from doubtful language.

R. W. LISANBY and ALVIN LISANBY for appellants.

S. D. HODGE and JOHN C. GATES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The purpose of this action, filed by some citizens and taxpayers of Caldwell county against the fiscal court, and the board of road commissioners for the county, was to enjoin the defendants from donating or otherwise expending the sum of $42,500.00 in the construction of Caldwell county's portion of an inter-county seat road running between Marion in Crittenden county and Princeton in Caldwell county, which is a part of project 10 as created by chapter 17, 1920 Session Acts, page, 76, and part of which is now section 4356t-5, 1922 edition Carroll's Statutes. The sum sought to be enjoined is a part of the proceeds of the sale of $300,000.00 of bonds of Caldwell county, which were authorized to be issued by an election duly called and held in the county for the purpose on September 27, 1919.

Plaintiffs, after averring facts showing their right to maintain the action, allege as the sole ground for the relief sought that the county road commissioners, by and with the approval, consent and adoption of the fiscal court, on September 8, 1919, which was nineteen days before the bond election, adopted and spread upon the proper records an order which plaintiffs claim specifically designated the particular inter-county seat road connecting the county seats of Crittenden and Caldwell counties upon which its proportion of the proceeds of the bonds would be expended if the indebtedness was voted at the election, and that the proposed road upon which the $42,500.00 will be expended through the donation of it for that purpose to the State Highway Commission will be in violation of the terms, promises and agreements of that order, and to prevent which the injunctive relief is sought.

The answer consisted of five paragraphs, the first of which was a general denial, except it was admitted that the proper orders had been made to donate the sum mentioned to the State Highway Commission to be expended in the construction of the road as surveyed by it. The

other four paragraphs relied on certain defenses therein pleaded, to each of which a demurrer was filed but not acted on, and which we think, for the reasons stated below, are unnecessary to be determined. Upon final submission the court declined to grant the injunction and dismissed the petition, and complaining of that judgment four of the seven plaintiffs prosecute this appeal, the other three declining to join therein.

The sole right to the remedy, as stated in the petition and repeated in briefs, is bottomed upon the principles announced in the cases of Scott v. Forest, County Judge, 174 Ky. 672; Campbell v. Clinton County, 176 Ky. 396, and other following ones. In those cases it was held, in substance, that where prior to the election the proper authorities of a county, in which an election to incur a bonded indebtedness for roads and bridges was pending, indicated on the proper county records by orders duly and regularly passed, certain specified and named roads upon which the proceeds of the bonds would be expended, and the people voted the indebtedness with the understanding that the indications contained in the order would be carried out, then neither the fiscal court, nor any other authority having jurisdiction over the subject matter, could divert any of the funds to other roads than those indicated. The doctrine so announced was upon the theory that the indicating order, made prior to the election, was in the nature of an agreement or contract with the people of the county that if they would vote the indebtedness it would be so applied, and to refuse to do so would be a violation of that agreement which the courts could and would prevent. It will thus be seen that it is an essential prerequisite to the relief that the order relied on should be couched in such terms as to clearly indicate the specific road or roads upon which the funds would be expended if the indebtedness was incurred, for unless it was so the general discretion of the fiscal courts and other county authorities having charge of its public roads would be allowed to exercise their legal discretion in such matters. At this point, and before taking up for interpretation the order relied on, it may not be improper to state that while we still approve of the doctrine of those cases, yet it creates a restraint upon the powers and duties of fiscal courts and other county public road authorities in the exercise of their functions relating thereto, and it will not be extended, nor applied, unless a clear case is presented, nor will any such contract or

agreement be implied from language not clearly indicating an intention to specifically designate the particular road or roads to be constructed or improved.

The pertinent portion of the order relied on here says:

"Whereas, we the commissioners appointed by the Caldwell county fiscal court, do hereby designate the following inter-county seat roads connecting the counties of Crittenden, Lyon, Trigg, Christian, Hopkins and Webster counties, with Princeton, the county seat of Caldwell county. The road leading via Farmersville, Rufus and Cresswell, to Webster county, is hereby designated as the Caldwell-Webster inter-county seat road.

"It is further resolved that the construction of said roads shall be carried forward as nearly as possible at the same time and the same amount of money to be spent on each of the inter-county seat roads each year."

It will be observed that the order provided for the construction of Caldwell county's portion of the inter-county seat roads running from Princeton, the county seat of Caldwell county, to the county seats of Crittenden, Lyon, Trigg, Christian, Hopkins and Webster counties, and that the only one about which there is any pretense of a designation is the one connecting the county seat of Caldwell county with the county seat of Webster county. The order is, evidently, sufficient to require the expenditure of the proceeds of the bonds on roads connecting the county seats of the named adjoining counties with that of Caldwell county, and if there should be an attempt to divert the funds to roads not connecting the county seats of those counties the doctrine of the cases referred to could be invoked to prevent it, and we entertain no doubt but that it could also be invoked if the Caldwell-Webster road should be attempted to be constructed over any other route than the one named and designated in the order. But we have no such case here. There is no possible room to construe the language of the order, even by implication, as designating any particular route for the inter-county seat road connecting Princeton in Caldwell county with Marion in Crittenden county, which is the one involved here. The only possible construction of the language is that it contains a promise by the duly constituted authorities of Caldwell county that a proportionate part of the proceeds of the bonds will be expended in constructing an inter-county seat road between the points mentioned, which it is now proposed to

do by donating the fund to the State Highway Commission to be expended by it in constructing the road with other available funds in its hands, and when constructed its maintenance ever afterwards will become the burden of the state and from which the county will be permanently relieved. That it is lawful for the county, under such circumstances, to donate the funds was held by us in the case of Lawrence County v. Lawrence Fiscal Court, 191 Ky. 45, to which we still adhere.

Moreover, it appears from the record that the road proposed to be constructed runs a large portion of the way over the old one contended for by plaintiffs and the remainder of the way it runs parallel with it, the alterations being made to avoid hills, unnecessary curves and dangerous railroad crossings. The route of the old road crosses the Illinois Central Railroad tracks four times between Princeton and Marion, all of which, except perhaps one near Princeton, are entirely eliminated by adopting the newly surveyed and slightly altered route. It is extremely doubtful, under the facts disclosed, but that the relief would be denied if the complained of order had been sufficiently specific to call for the application of the doctrine of the cases, *supra,* upon the ground that the newly surveyed route would be a substantial compliance with it, for we do not construe that doctrine to mean that when a particular road *is* designated in the order, the improvement must be upon every foot and every inch of it, or on the old roadbed throughout, so as to exclude the right to make all necessary alterations and changes which enhance the feasibility of the route and which do not substantially depart therefrom.

But, without determining that question, we are clearly of the opinion that for the reasons hereinbefore stated the judgment was proper, and it is accordingly affirmed.