## Hale v. Martin County Fiscal Court, et al.

(Decided May 13, 1924.)

### Appeal from Martin Circuit Court.

1. Highways—Names of Petitioners for Hard-Surfaced Roads Need Not be All on One Paper.—A bond election for hard-surfaced roads under Ky. Stats., section 4307, will not be invalidated because names of all voters petitioning are not contained on same paper, if they be attached and filed as a single petition.

2. Highways—Description of Hard-Surfaced Road in Order and Advertisement Held Sufficient.—An order calling bond election for hard-surfaced roads and advertisement, though not fixing definite point for beginning or terminus of road, sufficiently described the road as running from point on certain trail through county seat to point on state line, thus indicating it was to cross the county.

W. R. McCOY for appellant.

JASPER H. PREECE for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought in the court below by the appellant, R. L. Hale, a resident citizen, voter and taxpayer of Martin county, against the appellees, the fiscal court of that county, the county judge and justices thereof, composing the membership of that court, seeking by the writ of injunction to enjoin and restrain them from issuing and selling certain bonds of the county to the amount of $150,000.00, the proceeds of which are to be used in constructing or aiding in the construction of a "hard surfaced road in Martin county, to begin at a point on the Mayo Trail and extend across Martin county via Inez, the county seat, to a point on the West Virginia border."

It is alleged in the petition, and therefore admitted by the appellant, that the bonds the appellees are attempting to sell were authorized to be issued by virtue of an election properly held June 11, 1921, after proper advertisement, to take the sense of the legal voters of Martin county as to whether or not they favored the issuance of the bonds, at which election a large, and more than the required majority voting thereat, voted in favor of the bond issue.

The appellees filed a general demurrer to the petition, which the circuit court sustained, to which ruling the appellant objected and excepted; and as he failed to

further plead, the court by the judgment rendered dismissed the petition and awarded the appellees their costs in the action expended. The appellant complains of that judgment and has appealed.

The right of the appellant to the injunction prayed in the court below was rested by the petition on the ground that the election held to determine whether the bonds in question should be issued and sold, was and is void for the reasons: First: That the calling thereof by the fiscal court was not requested or authorized by the filing in that court of a petition containing the names of one hundred and fifty citizens, legal voters and freeholders of Martin county as required by section 4307, Ky. Stats.   Second: That neither the order of the county court calling the election nor the papers filed in that court as constituting the petition therefor, so described the location or termini of the route of the road proposed to be constructed as to enable the voters at the election to know its location. The attack made by the first contention upon the validity of the election arises out of the fact that the petition for the calling of the election was composed of three different sheets of paper, each containing the names of different petitioners, but the names altogether constituting more than the number of legal voters required by the statute, *supra,* to be signed to such a petition. It is admitted by the petition that the three sheets of paper containing the names of the petitioners were each properly headed and when filed in the fiscal court were attached and fastened together as one paper; and that the several sheets as thus attached were treated in the order of the court calling the election and in the advertisement of the election as a single petition.

It is sufficient to say of this contention that this court has heretofore in the case of Evans v. Johnson Fiscal Court, et al., 194 Ky. 849, declared one of like character wholly lacking in merit; holding in the opinion that an election at which the sense of the voters of the county is expressed will not be invalidated because of the fact that the names of all voters petitioning for the election are not contained on the same or a single paper, it being sufficient if the requisite number signed on different papers, and the different pieces of paper, if identical in their terms, be attached and filed as a single petition.

We are further of opinion that the second contention of the appellant is also untenable. It is true the order that

neither calling the election nor the advertisement of the election fixes a definite point for the beginning on the Mayo Trail of the road to be constructed nor does either fix the point of its terminus on the West Virginia border, but it is definitely provided that it shall pass through the town of Inez, the county seat of Martin county, and clear that by reason thereof it will run entirely across the county in such way as to connect the county seat with the territory on each side indicated as the termini of the route. We think this description of the road proposed to be constructed by the sale of the bonds in question was sufficiently definite and certain as to reasonably inform the voters of its location. This we think evident from the following opinions of this court: Wilson, et al. v. Fiscal Court of Caldwell County, et al., 194 Ky. 737; Smith v. Livingston County, 195 Ky. 382. Finding no error in the rulings of the circuit court the judgment is affirmed.