## Montgomery County Fiscal Court et al. v. Duff.

(Decided January 25, 1929.)

W. B. WHITE and H. W. SULLIVAN for appellants.

ROBT. H. WINN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS —Affirming.

In the year 1921, and in accordance with the provisions of section 157a of the Constitution, the county of Montgomery voted a bond issue of $250,000 for the purpose of building, constructing, and repairing public roads

and bridges. After the election was called, but before it was held, the fiscal court of Montgomery county, by an order duly entered and recorded, designated three federal and state aid highways upon which, in the event of an affirmative vote, it would expend such portions of the proceeds of the bonds as might be required "in conjunction with State or Federal or private aid or all, and on such other roads as may from time to time be the beneficiaries of such State, Federal or private aids or all and not otherwise, but it is distinctly reserved, excepted and provided that under no consideration or circumstance shall the proceeds or any part of same, of the bonds aforesaid, if voted, be used otherwise than to pay for not exceeding twenty-five per cent. of the total cost of such building, constructing and reconstructing."

The validity of the election was upheld in Hall v. Montgomery County Fiscal Court, 192 Ky. 716, 234 S. W. 274, an action for an injunction, in which Judge Settle wrote an opinion concurred in by three other members of this court. In reference to the matters to be presently considered, it was there said:

"It is plain from its recital of the fact that the order was made to enable the voters of the county to understand, in advance of casting their votes in the approaching election, the course that would be pursued by the fiscal court, in case of an affirmative vote, in expending the money arising from the sale of the bonds; and it is admitted that the order upon its entry and down to the election was advertised in the county newspapers and by speakers at all the numerous meetings held throughout the county for considering and discussing in all of its aspects the question whether the bond issue should be authorized or rejected by the voters, so it cannot be doubted that its provisions were understood and approved by the latter.

"We can concede therefore that the order in question is to be regarded *as in the nature of a contract between the fiscal court and voters of Montgomery county*, by which, as held in Scott v. Forrest, County Judge, 174 Ky. 672, 192 S. W. 691; Campbell v. Clinton County, 176 Ky. 396, 195 S. W. 787; Lawrence County v. Lawrence Fiscal Court, 191 Ky. 45, 229 S. W. 139; Percival, etc., v. City of Covington, etc., 191 Ky. 337, 230 S. W. 300; Reynolds v. Bracken

County, 192 Ky. 180, 232 S. W. 634, both are equally bound; *and further concede that by its terms the expenditure by the fiscal court of the proceeds of the bond issue is limited to 25% of the total cost of such roads as are constructed by federal, state, or private aid.''* (Our italics).

One of the roads designated in the above order was project No. 32 of the primary system of highways of Kentucky, leading from Mt. Sterling to Paintsville, Ky. Recently the state highway commission has made a contract with Montgomery county for the construction of 3½ miles of this road; the state to pay three-fourths of the costs of construction and the county one-fourth. However, the present right of way of the road is only 30 feet in width, and on account of its importance and heavy traffic the state is unwilling to undertake such improvement unless 15 feet additional right of way is acquired on each side of the present road, and the contract is conditioned upon this right of way being secured by Montgomery county; the cost of which is estimated at $6,500. The fiscal court is proposing to pay for such additional right of way from the proceeds of the road bonds above described, and this suit was instituted by Charles E. Duff, a taxpayer, to enjoin it from so doing—all of the above facts being elaborately pleaded in the petition. In its answer, Montgomery county admits its purpose to expend the proceeds of the bond issue in the purchase of the right of way, and insists that its action is in accordance with the pre-election order. As to this it pleads that the statute, section 4356t-7, prohibits the state from paying the cost of rights of way and places this burden on the county; that the same section, as amended by chapter 180 of the Acts of 1928, authorizes such cost to be paid out of the general funds of the county or out of the proceeds of bonds voted for road and bridge purposes, and this is the basis of its action. It also pleads that the governmental expenses of the county, together with the upkeep of the other highways of the county, will exhaust all of the county levy at the maximum figure permitted by the Constitution (a detailed statement of the resources of the county being pleaded); that for this reason the cost of the right of way cannot be paid out of the general fund and the other highways of the county maintained in a passable condition, and the fiscal court must decline to do one or the other; that at the time of

the election on the bond issue it was not contemplated that additional rights of way would be required, and this expense was not considered by the fiscal court or the voters, and a new condition has arisen, and, inasmuch as the voters intended for this particular road to be constructed, and it cannot be obtained without detriment to the other highways of the county, except by permitting payment for additional rights of way out of the bond issue, the pre-election order should be so construed as to permit this to be done. The court sustained a demurrer to the answer and granted the injunction. The county has appealed.

A statement of the case would seem to lead to but one conclusion. It is true that chapter 180 of the Acts of 1928 authorizes a county to acquire rights of way out of the road and bridge bond issues, but the statute is general in its terms, and does not undertake to control conditional bond issues. As quoted above, it was held in Hall v. Montgomery County that the pre-election order entered by the Montgomery county fiscal court was "in the nature of a contract between the fiscal court and the voters of Montgomery county, by which . . . both are equally bound." "And . . . that by its terms the expenditure by the fiscal court of the proceeds of the bond issue is limited to 25% of the total cost of such roads as are constructed by Federal, State, or private aid." Hence the 1928 amendment has no application to it. And also it must be conceded that the Legislature could not pass a law impairing the obligation of the contract even if it had so intended. Section 19, State Const.; Article 1, Sec. 10, Fed. Const. Clearly the judgment in the Hall case holding the pre-election order a contract is res judicata and decisive of this question. It is true that in the pre-election order the fiscal court and voters of the county intended for this particular road to be constructed. But, as the court has construed that order to be a contractual limitation upon the expenditures of the bond issue in such construction, it cannot be enlarged to embrace this outlay upon the assumption that this character of expenditure was not contemplated at the time of the election, or upon the fact that the funds for the maintenance of other county roads may be temporarily curtailed.

Wherefore the judgment is affirmed.