## Grauman, Co. Atty., et al. v. Department of Highways et al.

May 30, 1941.

Lawrence S. Grauman, County Attorney, and Robert L. Sloss, Assistant County Attorney, for appellants.

Hubert Meredith, Attorney General, A. E. Funk, Assistant Attorney General, and Edwin C. Willis for appellee.

Bernard H. Barnett for Fiscal Court.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The fiscal court of Jefferson County appropriated $500 for the purpose of purchasing and installing an automatic stop and go signal on U. S. Highway 60 at a point where it passes through the town of St. Mat-

thews. The county attorney appealed from the fiscal court order, filing a petition in the Jefferson Circuit Court seeking a declaration of rights. Named as defendant in the action were the fiscal court, the Department of Highways and the Commissioner of Highways. Judgment was entered sustaining the power of the fiscal court to make the appropriation and this appeal follows.

Our Constitution not only does not prohibit counties from making a donation to the State Highway Commission for the purpose of constructing and maintaining roads within the county but section 179 thereof expressly confers this power on the counties. It was so held in Lawrence County v. Lawrence Fiscal Court, 191 Ky. 45, 229 S. W. 139. Further, Ky. Stats. sec. 4356t-5 provides in part that:

> "The cost of construction of this entire system of state highways shall be borne entirely by the State * * * and they shall be maintained entirely by the State, but nothing herein shall prevent any county * * * from making a donation to the State in aid of the construction or maintenance of any of the said roads of the State, and the State shall have the right to accept any donation on the terms and conditions prescribed by The State Highway Commission".

In support of the judgment it is contended by the appellees that the erection and maintenance of a traffic signal may properly be considered as "construction or maintenance" of the highway. The appellant, while admitting that the county may donate to the construction or maintenance of a state highway, contends that a traffic signal has nothing to do with either construction or maintenance.

It can hardly be doubted that the term "construction and maintenance" of the highway has a broader meaning than that of construction and maintenance of the actual road bed. We think the term is broad enough to include everything appropriately connected with and incidental to the construction and maintenance of an efficient road system, including the ordinary and usual devices used on roads to promote the safety and convenience of traffic.

The Department of Highways provides, as a matter

of course, warning signals, danger signals and road markers to promote the safety and convenience of the traveling public. This is uniformly recognized as a legitimate expense and is properly chargeable to construction and maintenance of the highway. While not actual construction of the highway, itself, such expense is incident to a safe and efficient road system. If expenditure for such purposes are to be classified as construction and maintenance, we see no reason why the traffic signal in question does not fall within the same category—a signal of this character is but a step further than the usual danger sign and serves the same purpose, that of promoting the safety and convenience of traffic. It is necessary and incidental to the safety of the road system and is therefore to be classified as construction or maintenance. This being true, the fiscal court had the power to donate or appropriate funds for the purpose of providing it.

Judgment affirmed.