## Clay County et al. v. Ky. Dept. of Highways et al.

June 11, 1943.

Jouett & Metcalf, A. T. W. Manning, T. T. Burchell, and J. C. Jones for appellants.

A. E. Funk, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Clay County, acting through its fiscal court brought this action in the Franklin Circuit Court against the Department of highways, J. Lyter Donaldson, Commissioner of Highways, and J. Daniel Talbott, Commissioner of Finance, to recover $146,163.93 which the county alleged it loaned to the Highway Department (hereinafter referred to as the Commission) to be used in the construction of project No. 30, known as the Bosworth

Trail, through Clay County and that the commission failed to repay the fund after the highway had been completed and accepted by the County. The cause was submitted upon the pleadings and exhibits, and the chancellor adjudged that the money was not loaned to the Commission but had been donated to it by the County, and dismissed the petition. The County appeals.

The $146,163.93 represented the proceeds of a bond issue of $160,000 after $13,837.07 had been used by the County in locating and surveying project No. 30 through Clay County. The bond election was duly called for April 28, 1919, with this question submitted to the voters:

"Are you in favor of issuing $200,000 in bonds (later reduced to $160,000 to bring it within the constitutional limit) for the purpose of building roads and bridges?"

By an order dated April 4, 1919, the fiscal court designated six roads to be improved by the bond issue, all of which ran out of Manchester (the county seat of Clay County) to the county line and leading to the county seats of the adjacent counties. Two of the roads designated in this order, those leading from Manchester to the Jackson County line and to the Bell County line, constitute project No. 30, or that part of the Bosworth Trail traversing Clay County, although plaintiffs aver in their second amended petition that this money was used on only one of the roads designated by the fiscal court.

Plaintiffs rely upon such cases as Scott v. Forrest, 174 Ky. 672, 192 S. W. 691; Campbell v. Clinton County, 176 Ky. 396, 195 S. W. 787; Wilson v. Fiscal Court of Caldwell County, 194 Ky. 737, 240 S. W. 743, to the effect that after the fiscal court by an order entered before the bond election is held designates which roads are to be improved by the proceeds of the bond issue, the money can be used for no other road or purpose, since such designation and the subsequent voting of the bonds by the people constitutes a contract that the bonds will be used on the roads so designated. Defendants admit that this is the well-recognized law but call attention that the Wilson case, supra, holds that the rule will not be extended nor will it be applied unless a clear case is presented of a diversion of the fund. Defendants further rely upon Lawrence County v. Lawrence County Fiscal

Court, 191 Ky. 45, 229 S. W. 139, where it was held that the proposed expenditure of one-half of the bond issue on the Mayo Trail through Lawrence County, which was identical with two of the roads designated by the fiscal court before the election, did not amount to a diversion of the fund as was proposed by the fiscal court in the Scott case. In the Scott case we said that while the fiscal court was without authority to amend or repeal the order naming the roads designated for improvement, yet "it was under a clear legal duty to select one of those roads as the first to be constructed." [174 Ky. 672, 192 S. W. 694].

The order in the instant case designated six roads aggregating some 100 miles to be improved, saying nothing as to how much was to be expended on any road. Human experience teaches us that $146,000 could not be spread over all of these roads with any appreciable beneficial effect. From what was said in Scott v. Forrest, 174 Ky. 672, 192 S. W. 691; Wilson v. Fiscal Court of Caldwell County, 194 Ky. 737, 240 S. W. 743; and Lawrence County v. Lawrence County Fiscal Court, 191 Ky. 45, 229 S. W. 139, we interpret the correct rule to be that when more roads are designated for improvement by the fiscal court, prior to the bond election, than can be constructed from the proceeds of the bonds voted, the fiscal court may spend the entire sum on any one or more of the designated roads without being guilty of diverting the fund.

We now come to the question of whether the County donated or appropriated this $146,000 to the Commission, or whether this sum was loaned to it by the County. The record shows that the fiscal court by an order entered July 30, 1920, which was before the bonds were sold, offered to lend the proceeds of the bonds to the Commission for the purpose of constructing the Bosworth Trail through Clay County. On September 9, 1920, the Commission entered a minute on its records reciting that the offer was accepted. Crick v. Rash, 190 Ky. 820, 229 S. W. 63, was decided on March 11, 1921, and held that money loaned by counties to the Commission for the construction of highways created state debts under section 50 of our Constitution to the extent of the sums advanced. On March 15, 1921, a minute was entered by the Commission that the Attorney General after studying the opinion in the Crick case recommend-

ed that it receive no more loans from counties which ends with these words:

"It was passed by unanimous vote that the State Highway Commission now go on record as concurring fully in the recommendations of the Attorney General and that no loans of any size or character be accepted from any county for road improvement either as purely state projects or in cooperation with the Federal Government."

Clay County was duly informed of this action of the Commission and understood it set aside the agreement between the County and the Commission whereby the former was to lend this money to the latter. The bonds were not sold until about two years after the Commission cancelled its agreement with the County to borrow this money. On December 17, 1924, an order was entered by the fiscal court, the next to the last paragraph of which reads:

"Thereupon, said vote in favor of said appropriation was declared unanimously carried. It is therefore ordered by the Court that the said $146,163.93 be and it is hereby appropriated to the State of Kentucky, to be used by the State Highway Commission in the construction of the Bosworth Trail through Clay County. Provided same is used during the year ending December 31, 1925, and if not used to revert to Clay County at the expiration of said period of time."

The County's offer contained in this order was accepted by the Commission as is shown in its minutes of December 19, 1924, which incorporated therein a copy of the order made two days previous. The order of the fiscal court on December 17, 1924, recites that this money was appropriated to the Commission in 1922 and that it was to be used during the year 1924, and the order then extends the time for its use through the year 1925. Throughout this order reference is made to this money as having been appropriated to the Commission.

There is contained this provision in K. S., sec. 4356t-5, now KRS 177.030, which deals with the cost of constructing highways and how same is to be borne:

"But any county, municipality or person may make donations to the state in aid of the construction or

maintenance of any road. The state may accept any donation on the terms and conditions prescribed by the department.''

This section was upheld in Lawrence County v. Lawrence County Fiscal Court, 191 Ky. 45, 229, S. W. 139, and that opinion was approved in the recent case of Grauman v. Department of Highways, 286 Ky. 850, 151 S. W. (2d) 1061, 1062, wherein it was written:

''Our Constitution not only does not prohibit counties from making a donation to the State Highway Commission for the purpose of constructing and maintaining roads within the county but section 179 thereof expressly confers this power on the counties.''

As we gather from the record, all of this money was spent by December 31, 1925. This action was not instituted until November 20, 1939, which fact fortifies us in our conclusion that it was a donation by the County to the Commission, although the former attempts to excuse its delay of 14 years in bringing suit by pleading that the highway was not completed or accepted by the County until 1935.

Having reached the conclusion that the county had authority to spend the entire proceeds from the bond issue on the two roads designated in the order of the fiscal court, which became known as project No. 30, or the Bosworth Trail, and that the fund was donated to the Commission by the County, rather than loaned to it, there is no necessity to discuss the other questions raised in briefs.

The judgment is affirmed.

Whole Court sitting.